UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. D. SHEPPARD-BROOKS, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　／ | CASE NO. 1:05-CV-01648-AWI-SMS-P<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EXCESSIVE FORCE CLAIM<br><br>(Doc. 1) |

I.　　Screening Order

　　A.　　Screening Requirement

Plaintiff Eric Johnson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 30, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Claims

Plaintiff is a state prisoner incarcerated at California State Prison-Corcoran, where the events at issue allegedly occurred. Plaintiff alleges that on March 21, 2005, defendants Davis and Key and an unidentified staff member punched him in the head and choked him. Plaintiff alleges that during the investigation of his inmate appeal of the incident, defendant Ruiz had defendant Davis present and standing behind plaintiff, "as if his presence was supposed to intimidate [plaintiff] into withdrawing the appeal." (Comp., court record pg. 4.) Plaintiff alleges that before the appeal hearing, defendant Wilson submitted a CDC-128 chrono falsely documenting that plaintiff said he wanted into another unit and was going to claim he was assaulted. Plaintiff alleges he was told to forward his appeal to defendant Martinez, who should not have been involved in the review of his

appeal because when he had previously refused to come in from the yard unless he was allowed to speak to a captain, defendant Martinez told him that Martinez would spray him "off of the yard" before he got to speak to a captain, thereby involving Martinez in the incident being appealed. (Id.) Plaintiff alleges that the appeal was denied by defendant Ruiz at the first level, and was reviewed by defendant Sheppard-Brooks at both the first and second levels of review, in contravention of policy.

Plaintiff alleges that there appears to be cover-up of staff assaults on prisoners, and alleges claims for relief for violation of the Eighth Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

### 1. Excessive Force Claim

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to

3

temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff's allegations give rise to a claim for relief under section 1983 against defendants Davis and Key for use of excessive force, in violation of the Eighth Amendment. Fed. R. Civ. P. 8(a). However, plaintiff has not alleged any facts which would support an excessive force claim against any other named defendant.

### 2.  Due Process Claim

Plaintiff's due process claim is premised on the alleged subversion of the inmate appeals process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability in this action. Buckley, 997 F.2d at 495. Accordingly, plaintiff's attempt to state a due process claim as a result of the handling of his inmate appeal fails as a matter of law.

### 3.  Equal Protection Claim

Plaintiff alleges that defendants' attempts to cover up the assault violated his right to equal protection. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which

included plaintiff. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); <u>Reese v. Jefferson Sch. Dist. No. 14J</u>, 208 F.3d 736, 740 (9th Cir. 2000); <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998); <u>Federal Deposit Ins. Corp. v. Henderson</u>, 940 F.2d 465, 471 (9th Cir. 1991); <u>Lowe v. City of Monrovia</u>, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." <u>Barren</u>, 152 F.3d at 1194.

Plaintiff's amended complaint sets forth no facts supporting a claim based on violation of the Equal Protection Clause. Plaintiff's allegations do not support a claim that he was treated differently than other similarly situated inmates and do not link any defendant to an act or omission based on intentional discrimination against plaintiff. Accordingly, plaintiff fails to state a claim upon which relief may be granted for violation of the Equal Protection Clause.

        4.    <u>Conspiracy</u>

Plaintiff alleges that defendants conspired to violate his rights under the Due Process and Equal Protection Clauses. In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." <u>Buckey v. County of Los Angeles</u>, 968 F.2d 791, 794 (9th Cir. 1992); <u>Karim-Panahi v. Los Angeles Police Department</u>, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. <u>Sykes v. State of California</u>, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff has not alleged any facts supporting the existence of a conspiracy between defendants. Further, plaintiff has not alleged facts demonstrating that defendants violated his constitutional rights under the Due Process and Equal Protection Clauses. In order to state a cognizable claim for relief for conspiracy, plaintiff must establish that defendants conspired to violate an underlying constitutional right. For these reasons, plaintiff fails to state a claim for relief under section 1983 for conspiracy.

    C.    <u>Conclusion</u>

The court finds that plaintiff's complaint states a claim for relief under section 1983 against defendants Davis and Key for use of excessive force, in violation of the Eighth Amendment.

5

1  However, the court finds that plaintiff's complaint does not contain any other claims upon which
2  relief may be granted under section 1983.  The court will provide plaintiff with the opportunity to
3  file an amended complaint, if plaintiff wishes to do so.

4       If plaintiff does not wish to file an amended complaint and wishes to proceed only against
5  defendants Davis and Key on his excessive force claim, plaintiff may so notify the court in writing.
6  The court will then issue Findings and Recommendations recommending that the remaining claims
7  and defendants be dismissed from this action, and will forward plaintiff two summonses and two
8  USM-285 forms to fill out and return to the court.  Upon receipt of these documents, the court will
9  direct the United States Marshal to initiate service of process on defendants Davis and Key.

10       In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule
11  15-220 requires that an amended complaint be complete in itself without reference to any prior
12  pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux
13  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
14  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
15  original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

16       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
17  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,
18  625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named
19  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some
20  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.
21  Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
22  588 F.2d 740, 743 (9th Cir. 1978).

23       Based on the foregoing, it is HEREBY ORDERED that:
24       1.    The Clerk's Office shall send plaintiff a civil rights complaint form;
25       2.    Within **thirty (30) days** from the date of service of this order, plaintiff must either:
26            a.    File an amended complaint curing the deficiencies identified by the court in
27               this order, or
28  ///

        b.      Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Davis and Key on his Eighth Amendment excessive force claim; and

3.      If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**    **June 12, 2006**                          /s/ Sandra M. Snyder
icido3                                       UNITED STATES MAGISTRATE JUDGE