# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JOHNSON,<br><br>            Plaintiff,<br><br>     v.<br><br>D. D. SHEPPARD-BROOKS, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:05-cv-01648-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED<br><br>(Doc. 21) |

I.    <u>Findings and Recommendations Addressing Defendant's Motion to Dismiss</u>

    A.    <u>Procedural History</u>

Plaintiff Eric Johnson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed December 30, 2005, against defendants Davis and Key for use of excessive force, in violation of the Eighth Amendment.[1] On January 11, 2007, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendant Key ("defendant") filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies in compliance

///

---

[1] Plaintiff's excessive force claim against any defendants other than Davis and Key, and plaintiff's due process, equal protection, and conspiracy claims were dismissed from this action for failure to state a claim upon which relief may be granted, and defendants Sheppard-Brooks, Ruiz, Martinez, and Wilson were dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them. (Doc. 14.)

1

with 42 U.S.C. § 1997e(a). (Doc. 21.) Plaintiff filed an opposition on January 29, 2007,[2] defendant filed a reply on February 6, 2007, and plaintiff filed a surreply on February 20, 2007. (Docs. 22, 23, 24.) Because plaintiff does not have a right to file a surreply and was not granted leave of court to file a surreply, the surreply is not considered. The court notes for the record that consideration of the surreply would not have affected to outcome of this Findings and Recommendations.

B.   Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

///

---

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on October 2, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 16.)

C.     Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

In his complaint, plaintiff alleges that he filed an inmate appeal and completed the grievance process. (Doc. 1, § III.) Plaintiff identifies log number 05-1089 as the appeal in question, and attaches copies of the first and second level responses to his complaint. (Id., § III, Exhibits A & B.)

In their motion, defendants argue that they are entitled to dismissal of this action because plaintiff failed to pursue his appeal to the third and final level of review. In support of their motion, defendants submit evidence that plaintiff received a first formal level decision and a second level decision, but did not file his appeal at the third and final level for review. (Doc. 21, Castillo Dec., ¶¶4, 5; Grannis Dec., ¶4.)

Defendants have met their burden as the parties moving for dismissal. The burden therefore shifts to plaintiff. Plaintiff may not simply rely on allegations in the complaint, and must instead, oppose the motion by setting forth specific facts in declaration(s) and other evidence regarding the exhaustion of administrative remedies. See Fed. R. Civ. P. 43(e); Ritza, 837 F.2d at 369.

In his opposition, plaintiff argues that "[a]fter receiving the Second Level decision, [he] promptly forwarded the appeal to Sacramento for Third Level Review." (Doc. 22, pg. 1.) Plaintiff argues that the appeal was "intercepted and discarded to prevent [him] from obtaining a Third Level Review." (Id.) Plaintiff argues that defendants have not proven he did not seek a third level review. (Id., pg. 2.)

///

1 Plaintiff has submitted no evidence that after receiving the second level response to his
2 appeal, he timely submitted the appeal to the Director's Level of review for consideration, and it was
3 intercepted and discarded. Accordingly, defendants are entitled to dismissal of this action based on
4 plaintiff's failure to exhaust.

5     D.    Conclusion

6 Based on the foregoing, the court HEREBY RECOMMENDS that defendants' motion to
7 dismiss for failure to exhaust, filed January 11, 2007, be GRANTED, and this action be dismissed,
8 without prejudice.

9 These Findings and Recommendations will be submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
11 **days** after being served with these Findings and Recommendations, the parties may file written
12 objections with the court. The document should be captioned "Objections to Magistrate Judge's
13 Findings and Recommendations." The parties are advised that failure to file objections within the
14 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
15 1153 (9th Cir. 1991).

17 IT IS SO ORDERED.

18 **Dated:   April 5, 2007**                             **/s/ Sandra M. Snyder**
    icido3                                                       UNITED STATES MAGISTRATE JUDGE